**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John and Miranda Brooks,<br><br>    Plaintiffs,<br><br>vs.<br><br>Eclipse Recreational Vehicles, Inc., and Robert Crist and Company d/b/a Worldwide RV,<br><br>    Defendants.<br>_____<br>Eclipse Recreational Vehicles, Inc.,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>Generac Power Systems, Inc.,<br><br>    Third-Party Defendant. | No. CV-08-1731-PHX-LOA<br><br>**ORDER** |

Plaintiffs seek leave of Court to amend their Complaint to allege "a breach of implied warranties claims (sic) against Defendant Robert Crist and Company dba Worldwide RV ("Defendant Crist")[]." (docket # 38 at 1-2) Defendant Crist opposes the requested amendment, arguing good cause to allow amendment is absent from Plaintiffs' motion, and citing, *inter alia*, the express language of the Rule 16 scheduling order ("Settlement negotiations . . . do not constitute good cause.") and *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). (docket # 41) The Court will deny Plaintiffs' Motion. Because the parties' briefings are adequate and oral argument would not aid the Court, the

Court will also deny Defendant Crist's request for oral argument. *Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

## **BACKGROUND**

On September 9, 2008, Plaintiffs filed their Complaint, alleging a violation of the Magnuson-Moss Warranty Act and the Arizona Uniform Commercial Code ("U.C.C.") due to a defective new, 2006 Eclipse Attitude motor home purchased by Plaintiffs on March 28, 2007 from Defendant Crist for $70,110.00, inclusive of financing, and manufactured by Defendant Eclipse Recreational Vehicles, Inc. ("Defendant Eclipse"), a California corporation. (docket ## 1, 23) Crossclaims have been asserted between Defendants, and on October 24, 2008, Defendant Eclipse filed a Third-Party Complaint against Generac Power Systems, Inc., the motor home's generator manufacturer, seeking indemnification or contribution for any liability to Plaintiffs due to the generator. (docket # 12) Specifically, the Complaint alleges in Count I a Magnuson-Moss breach-of-warranty claim pursuant to 15 U.S.C. §2310(d) against Defendant Eclipse and in Count II a U.C.C. claim for revocation of acceptance[1] pursuant to A.R.S. § 47-2608 against Defendant Crist. (docket # 1 at 5-6)

On October 17, 2008, the Hon. David G. Campbell, United States District Judge, issued an order setting the Rule 16 Case Management Conference. (docket # 9) In that Order, under paragraph 6, the parties were specifically ordered to make:

> A statement of whether any party expects to add additional parties to this case or otherwise to amend or supplement pleadings (the Court will set a deadline of not later than sixty days after the case management conference of joint parties and amend or supplement pleadings).

(*Id.* at 2) In their December 30, 2008 Joint Case Management Report, however, Plaintiffs (and all other parties) denied any desire to amend their Complaint and stated "N/A" (not

---

[1] Plaintiffs' describe this claim in the Joint Case Management Report as "Plaintiffs' rescission claim under the Uniform Commercial Code (A.R.S. § 47-2608)." (docket # 23 at 3) See, *IMA North America, Inc. v. Maryln Nutraceuticals, Inc.*, 2008 WL 4737888 (D.Ariz. 2008) for the relationship in Arizona between the common law remedy of rescission with the U.C.C. concepts of rejection and revocation of acceptance.

applicable) to "whether any party expects to add additional parties to the case or *otherwise to amend or supplement pleadings*." (docket # 23 at 5) (emphasis added). On January 29, 2009, all parties consented to magistrate-judge jurisdiction pursuant to 28 U.S.C. §636(c). (docket # 29) The Rule 16 scheduling conference was conducted on February 20, 2009 before the undersigned Magistrate Judge. (docket # 33)

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified *only* for good cause and with the judge's consent." Rule 16(b)(4), FED.R.CIV.P. (emphasis added). Consistent with Rule 16, at the February 20, 2009 scheduling conference and in its Rule 16 scheduling order, the Court made clear to counsel that the Rule 16 deadlines are firm and the Court intended to enforce the deadlines set forth in the scheduling order. (docket # 34) "Stipulations extending the time for the doing of any act required by the Court or the Rules of Civil Procedure will be treated as a joint motion subject to Court approval. LRCiv. 7.3; *Gestetner Corp. v. Case Equipment Company*, 108 F.R.D. 138 (D. Maine 1985) (good cause not shown to amend scheduling order); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir.1994) (Federal Rule of Civil Procedure 16 is to be taken seriously). Continuances of these deadlines may be granted only upon a showing of good cause and by leave of the assigned trial judge. **Settlement negotiations, however, do not constitute good cause.**" (*Id*. at 2) (emphasis added) (internal quotation marks omitted).

Notwithstanding that no party expressed a desire to amend a pleading in their Joint Case Management Report, the Court set a deadline of **Thursday, April 30, 2009**, over two months after the Rule 16 scheduling conference, to file motions to amend pleadings or motions to join additional parties. (*Id*.) (emphasis in original) In footnote 1, the Court also noted for counsels' benefit that after the scheduling conference, the good cause standard for amendment controls over the Rule 15(a), FED.R.CIV.P., amendment standard, citing *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1294 (9th Cir. 2000). Moreover, the Rule 16 scheduling order further indicated the importance that "counsel . . . comply with the Rules of Practice for the United States District Court for the District of Arizona." (*Id*. at 5) Local Rule 83.10 makes clear that "[a]lternative dispute resolution shall not be offered as a reason

to delay the processing of the case as established in the Rule 16 scheduling order." LRCiv 83.10.

On May 11, 2009, eleven days after the amendment deadline, Plaintiffs filed their Motion to Amend Complaint, indicating that "[i]n the course of preparation for the parties' mediation [on April 7, 2009], Plaintiffs discovered that they had additional claims against Defendant [Crist] for breach for implied warranties." (docket # 38 at 3) Plaintiffs argue that good cause exists to allow amendment because Plaintiffs "justifiably relied" "on Defendants' representations that they would provide a substantive settlement offer and complied with their request that Plaintiffs take no further action on the case until such a response was received. Unfortunately, Defendants never provided such a response and the Court's deadline for amending the pleadings expired on April 30, 2009 while the Defendants continued to promise that a response would be forthcoming." (*Id*. at 3, 4-5) Plaintiffs argue Defendant Crist "will not be prejudiced" by the amendment, *id*. at 4, and attempt to distinguish this case from *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607-08 (9th Cir. 1992) because in *Johnson* the plaintiff sought to add a completely new party to the litigation rather than an additional theory of liability against an existing defendant. The Court disagrees.

## **DISCUSSION**

The Court concludes that neither good cause nor reliance that was *justified* exists to allow Plaintiffs to untimely amend their Complaint to allege a new theory of liability against Defendant Crist. Local Rule 83.10 and the Rule 16 scheduling order could not be more clear that settlement negotiations do not constitute good cause to continue the Rule 16 deadlines. Since early on in this case with their Request for a Settlement Conference, docket # 30, and participation in an unsuccessful private mediation, Plaintiffs have been more diligent in trying to settle their case than doing the necessary work to prepare this case for trial. As the Ninth Circuit recognized, if a party has not been diligent in seeking to comply with a scheduling order's deadlines, good cause is not present and "the inquiry should end." *Johnson*, 975 F.2d at 609. "In these days of heavy caseloads, trial courts . . . set schedules

and establish deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir.2005). "As the torrent of civil and criminal cases unleashed in recent years has threatened to inundate the federal courts, deliverance has been sought in the use of calendar management techniques. Rule 16 is an important component of those techniques." *Johnson*, 975 F.2d at 611.

The Ninth Circuit, other judges from this District Court, and the undersigned have consistently demonstrated in writing and orally at scheduling conferences that Rule 16's deadlines are firm, real and are to be taken seriously by the parties and their counsel. *Janicki*, 42 F.3d at 566; *Hostnut.Com, Inc.v. Go Daddy Software, Inc.*, 2006 WL 2573201 * 3 (D. Ariz. 2006) (evidence not disclosed until more than two months after the discovery deadline precluded at trial); *Schwartz v. Home Depot U.S.A., Inc.*, CV-06-2168-PHX-FJM (party's first request to extend expert witness disclosure deadline denied) (docket # 83 at 2 in CV-06-2168-PHX-FJM); *Hazelwood v. United States*, 2006 WL 1599344, * 7 (D.Ariz. 2006) ("Plaintiff has presented no evidence she was diligent in seeking to amend her complaint. Finding no good cause to modify the Scheduling Order, Plaintiff's Motion to Amend is untimely and will be denied.").

In the Court's view, it is neither reasonable diligence nor justifiable reliance for Plaintiffs' counsel to wait for a settlement offer that may never come (and apparently never did), do nothing as the amendment deadline approaches, and voluntarily permit the deadline to pass without moving to amend before the April 30, 2009 deadline, knowing in advance such deadlines would be enforced by the trial court and the ease within which motions may be electronically filed. Whether prejudice exists to the adverse party in allowing amendment is irrelevant to modify Rule 16 deadlines. Good cause and the trial judge's consent are the only standards for Rule 16 deadline modifications. Rule 16(b)(4), FED.R.CIV.P. Plaintiffs were not diligent in seeking to amend their Complaint, have not demonstrated good cause to do so, and have not persuaded the undersigned to authorize amendment under the circumstances presented.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Amend Complaint, docket # 38, is **DENIED**.

DATED this 9th day of June, 2009.

Lawrence O. Anderson
United States Magistrate Judge